**WO**  JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Khakhutashvili Shmagi,<br><br>    Petitioner,<br><br>vs.<br><br>Philip Crawford,<br><br>    Respondent. | No. CV 06-0568-PHX-MHM (JRI)<br><br>**ORDER** |

    Petitioner Khakhutashvili Shmagi (A96-208-991), who is confined in the Florence Service Processing Center in Florence, Arizona, has filed a pro *se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid.

**A.**     **Petition**

    Petitioner alleges that immigration officials are holding him in detention pending his removal to Georgia, but that his removal cannot be effected. Petitioner argues that he is entitled to immediate release from custody because his indefinite detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law.[1] See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood

---

[1] The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah v. Gonzales, No. 05-56759, 2006 WL 686385, *5 (9th Cir. Mar. 17, 2006) ("By its terms, the jurisdiction-stripping provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not involve final orders of removal.").

**TERMPSREF**

1  that a foreign government will accept an alien's return in the reasonably foreseeable future,
2  the INS may not detain the alien for more than the presumptively reasonable period of six
3  months); Clark v. Martinez, 543 U.S. 371 (2005) (extending the holding in Zadvydas to
4  inadmissible aliens).  An answer will be required.

**B.     Warnings**

*1. Address Changes*

Petitioner must file and serve a notice of a change of address within ten (10) days of his move is effective.  LRCIV 83.3(d).  Petitioner must not include a request for any other relief in his notice of change of address.

*2. Copies*

Petitioner must submit an additional copy of every original motion or other document filed.  LRCIV 5.4.  Failure to comply with this requirement may result in the motion or document being stricken without further notice to Petitioner.

*3. Possible dismissal*

Petitioner is warned that if he fails to timely comply with every provision of this Order, including these warnings, this action will be dismissed without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  The Clerk of Court must serve a copy of the Summons, Petition and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2)(A).

(2)  Respondents must answer the Petition within twenty (20) days of the date of service.  Respondents must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

1     (3) Petitioner may file a reply within twenty (20) days from the date of service of the answer.

2     (4) That the matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 19th day of May, 2006.

_____
Mary H. Murguia
United States District Judge