SRM

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Khakhutashvili Shmagi,**<br>Petitioner<br>-vs-<br>**Philip Crawford, ICE Field Office Director,**<br>Respondent(s) | CV-06-0568-PHX-MHM (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Florence Processing Center, Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241on February 24, 2006 (#1) challenging his continued detention pending removal.  On June 15, 2006 Respondents filed their Suggestion fo Mootness (#10).  The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On February 24, 2006,  Petitioner  filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(#1), challenging his detention without bond in the INS Processing Center in Florence, Arizona, while awaiting removal to Georgia.  Petitioner's Petition alleges that he was ordered removed on February 2, 2005, and has been detained more than 180 days.  He alleges he has been cooperative with attempts to remove him, but remained in detention. (Petition, #1 at 5.)

1 On June 15, 2006, Respondents filed a Suggestion of Mootness (#10), with documents reflecting Petitioner's release on conditions of supervision on or about March 17, 2006. Petitioner has not filed a notice of change of address.

On June 19, 2006, the undersigned issued an Order (#11) giving Petitioner fifteen days to either: (1) file a notice of change of address; or (2) show cause why his Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address as previously ordered. That Order further gave Petitioner fifteen days to show cause why his Petition should not be dismissed as moot in light of his apparent release from custody. Copies of that order were mailed to Petitioner at his address of record but have been returned undeliverable (#12). Petitioner has not responded.

### III. APPLICATION OF LAW TO FACTS

**A. MOOTNESS OF HABEAS PETITION**

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id*. A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such

1 presumption applies to habeas petitions challenging deportation orders.

2 Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. However, although that detention has terminated, Petitioner remains subject to conditions of supervision. Under those circumstances, there may yet remain relief which may be granted. *Reimers, supra.* Moreover, Petitioner has not yet been heard from on whether the matter is moot.

However, in light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.

**B.  FAILURE TO PROSECUTE**

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Despite having twice been given specific notice (Notice of Assignment, #2; Order, #3 at 2) of his obligation to file a notice of change of address, and an order (#11) specifically directing him to do so, Petitioner has failed to keep his current address on file with the Court.

Petitioner has failed to prosecute this action, and dismissal is therefore within the

discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears to have abandoned this action upon his release from custody. Petitioner has had over two months since his release to file a notice of change of address. Further delay to the Court and to Respondent is not warranted. Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

## IV. RECOMMENDATION AND ORDER

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus (#1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk of the Court forward copies of this Report & Recommendation to his address of record, and to the address reflected on his Order of Supervision, 18437 Lost Knife Circle, Apt. 102, Montgomery Village, MD 20886.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: July 17, 2006

_____
JAY R. IRWIN
United States Magistrate Judge

- 4 -